## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| Mustafa Abdullah, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:14-cv-1436 |
| County of Saint Louis, Missouri, et al, | ) ) ) |
| Defendants. | ) ) |

**Memorandum in Support of Temporary Restraining Order**

**I.     Introduction**

On August 9, 2014, a police officer of the City of Ferguson's police department shot and killed Michael Brown, who was unarmed.[1] Many members of the community have responded with anger at the police. As a result, there have been frequent demonstrations on the public streets and sidewalks of Ferguson. At these demonstrations, protestors are voicing their opinions about such issues of public concern as the relationship between police and the community, the frequency with which police officers shoot unarmed black men, and the militarization of local police forces.

Defendants' response to the demonstrations, including the use of force, ordering peaceful protestors to disband and evacuate the streets and sidewalks, placing restrictions on the ability of the media to witness and report on unfolding events, and ordering protestors and observers to stop documenting and videotaping the demonstrations, has been controversial. There is widespread interest in Defendants' tactics, which raise questions about whether a military response to protest is consistent with the values of the United States, as well as the lack of

---

[1]     The facts in support of the motion for temporary restraining order are taken from Plaintiffs' verified complaint, Doc. # 1.

transparency in the handling of the shooting investigation and response to the unrest that followed.

Beginning around 11:00 a.m. on August 18, 2014, the American Civil Liberties Union of Missouri received reports that law enforcement officials were ordering individuals who are violating no law to refrain from gathering or standing for more than five seconds on public sidewalks and threatening arrest for non-compliance. Plaintiff went to Ferguson to investigate the reports. On five separate occasions within a period of approximately one hour at different locations, Plaintiff was ordered by law enforcement officials to refrain from gathering or standing for more than five seconds on public sidewalks and threatened with arrest for non-compliance. Plaintiff was at no time violating any law.

Numerous other individuals in the area, including members of the media, were similarly ordered by law enforcement officials to refrain from gathering or standing for more than five seconds on public sidewalks and threatened with arrest for non-compliance. They, too, were violating no law.

When inquiries were made to law enforcement officers regarding which law prohibits gathering or standing for more than five seconds on public sidewalks, the officers indicated that they did not know and that it did not matter. The officers further indicated that they were following the orders of their supervisors, whom they refused to name.

Upon information and belief, Defendants have arrested multiple individuals today for gathering or standing for more than five seconds on public sidewalks.

**II.      Argument**

   **A.      Standard for Temporary Restraining Order.**

In considering whether to issue a preliminary injunction, this Court must determine: (a) whether the plaintiff is likely to prevail on the merits, (b) if there exists a threat of irreparable harm to the plaintiffs absent the injunction, (c) the balance between this harm and the injury that the injunction's issuance would inflict upon defendant, and (d) what is in the public interest. *See Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *accord Lane v. Lombardi*, 2:12-CV-4219-NKL, 2012 WL 5873577, *1 (W.D. Mo. Nov. 15, 2012). The standard for a temporary restraining order is the same as the standard for a preliminary injunction. *See Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367 (8th Cir. 1991).

   **B.      First Amendment Implications**

The burden is on Defendants to demonstrate that the practice of ordering individuals who are violating no law to refrain from gathering or standing for more than five seconds on public sidewalks, threatening arrest for non-compliance, or arresting them is constitutional. This case involves a practice, not a statute. But even where a statute that allegedly regulates the exercise of First Amendment rights, the burden is on the statute's proponent to establish the statute's constitutionality. *Phelps-Roper v. Koster*, 713 F.3d 942, 949 (8th Cir. 2013).

Because the challenged practice restricts First Amendment activity means that consideration of the likelihood of success on the merits is decisive to the question of whether an injunction should issue. "In a First Amendment case, ... the likelihood of success on the merits is often the determining factor in whether a preliminary injunction should issue." *Phelps–Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008), *overruled on other grounds by Phelps–Roper v. City of Manchester, Mo.*, 697 F.3d 678 (8th Cir. 2012). "When a plaintiff has shown a likely violation of

his or her First Amendment rights, the other requirements for obtaining a preliminary injunction are generally deemed to have been satisfied." *Minn. Citizens Concerned for Life, Inc. v. Swanson*, 692 F.3d 864, 870 (8th Cir. 2012) (en banc) (quoting *Phelps–Roper v. Troutman*, 662 F.3d 485, 488 (8th Cir. 2011) (per curiam) (quotation omitted).

### C. Likelihood of Success on the Merits

Plaintiff is likely to succeed on the merits of both his First Amendment and Due Process claims.[2]

A practice that allows armed police officers to demand that members of the media or public refrain from gathering or standing for more than five seconds on public sidewalks, threatening arrest for non-compliance, or arresting them is a prior restraint on speech. "A prior restraint exists when the enjoyment of protected expression is contingent upon the approval of government officials." *Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 1001 (9th Cir. 2004) (citing *Near v. Minnesota,* 283 U.S. 697, 711–13 (1931)). Here, Defendants ordered Plaintiff to stop his lawful First Amendment activity.  A direct order from a police officer acts as a prior restraint because persons of ordinary firmness does not feel at liberty to ignore it. The burden of proving a prior restraint is permissible is especially steep. The Supreme Court has repeatedly held that "[a]ny system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963).

---

[2] Because Plaintiff challenges a practice, not a statute or ordinance, he demonstrates likelihood of success if the can show "fair chance of prevailing." *Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008) ("[C]ourts should… apply the familiar 'fair chance of prevailing' test where a preliminary injunction is sought to enjoin something other than government action based on presumptively reasoned democratic processes.").

Furthermore, Plaintiff is likely to success on his claim that he has the right to assemble and converse with others on a public sidewalk.  First Amendment rights are at their zenith on public streets and sidewalks. "Consistent with the traditionally open character of public streets and sidewalks, [the Supreme Court] ha[s] held that the government's ability to restrict speech in such locations is 'very limited.'" *McCullen v. Coakley*, 134 S. Ct. 2518, 2529 (2014). The government is "sharply circumscribed" in its authority to restrain expressive activity in "places which by long tradition or by government fiat have been devoted to assembly and debate." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983). Public places, such as streets and sidewalks, that are associated with the free exercise of expressive activities "are considered, without more, to be 'public forums.'" *Grace,* 461 U.S. at 177; *see also Snyder*, 131 S.Ct. 1207 at 1218 (quoting *Frisby v. Schultz,* 487 U.S. 474, 480 (1988)) (observing that the Supreme Court has "'repeatedly referred to public streets as the archetype of a traditional public forum'"); *Pleasant Grove City, Utah v. Summum,* 555 U.S. 460, 469 (2009) (noting "government entities are strictly limited in their ability to regulate private speech" in " 'traditional public fora' " such as public streets and parks) (citation omitted); *Frisby*, 487 U.S.  at 481 (finding that courts need not make any "particularized inquiry into the precise nature of a specific street" because "all public streets are held in the public trust and are properly considered traditional public fora").

Plaintiff is also likely to succeed on his due process claim. Defendants cannot identify any lawful reason why Plaintiff or other is prohibited from standing on a sidewalk. When asked for authority for their demands, the individual officers replied that they did not know and that it did not matter.

"A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *F.C.C. v. Fox Television Stations, Inc.*, 132 S. Ct. 2307, 2317 (2012). "A law's failure to provide fair notice of what constitutes a violation is a special concern where laws 'abut[ ] upon sensitive areas of basic First Amendment freedoms' because it 'inhibit[s] the exercise' of freedom of expression and 'inevitably lead[s] citizens to steer far wider of the unlawful zone ... than if the boundaries of the forbidden areas were clearly marked.'" *Stahl v. City of St. Louis, Mo.*, 687 F.3d 1038, 1041 (8th Cir. 2012) (quoting *Grayned v. City of Rockford,* 408 U.S. 104, 109 (1972)). For this reason, a stringent vagueness test applies to a law that interferes with the right of free speech. *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 499 (1982). "Where a statute's literal scope, unaided by a narrowing state court interpretation, is capable of reaching expression sheltered by the First Amendment, the doctrine demands a greater degree of specificity than in other contexts." *Smith v. Goguen*, 415 U.S. 566, 573 (1974).

The Supreme Court has long held that "[v]agueness may invalidate a criminal law for either of two independent reasons. First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement." *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999). A law is unconstitutionally vague where it "does not provide people with fair notice of when their actions are likely to become unlawful." *Stahl*, 687 F.3d at 1041. Because violators of the order are subject to arrest, the strictest vagueness test applies. *See Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 872 (1997) (recognizing criminal sanctions might "cause speakers to remain silent rather than communicate even arguably unlawful words, ideas, and images" which, together with the "'risk of discriminatory enforcement' of vague regulations,

poses greater First Amendment concerns than those implicated by [a] civil regulation[.]"). "Where the legislature fails to provide such minimal guidelines, a criminal statute may permit 'a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.'" *Kolender v. Lawson,* 461 U.S. 352, 358 (1983) (internal citations omitted). Here enforcement of the order is arbitrary because there is no law authorizing it, making the right to peacefully assemble subject to the whims of police officers.

    **D. Remaining Dataphase Factors**

When a plaintiff has shown a likely violation of his First Amendment rights, the other preliminary injunction requirements are generally deemed to have been satisfied. *Swanson*, 692 F.3d at 870; *accord Phelps-Roper v. Cnty. of St. Charles, Mo.*, 780 F. Supp. 2d 898, 900-01 (E.D. Mo. 2011). There is no basis for departing from the general rule here.

A restriction of protected expressive activity constitutes irreparable harm. It is well-settled that a "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality). Plaintiff is placed in a position of choosing between exercising his First Amendment rights risking arrest. This is not a choice that Defendant may impose upon members of the public without running afoul of the First Amendment.

"The balance of equities… generally favors the constitutionally-protected freedom of expression." *Nixon*, 545 F.3d at 690. There is no harm to any Defendants if activity if individuals are permitted to peacefully assemble on sidewalks.

"It is always in the public interest to protect constitutional rights." *Id.* at 689. The public interest is served by allowing wide-access to information about what is occurring on the streets

and sidewalks of Ferguson. This is an important moment for Ferguson and our Nation—allowing documentation of what occurs is in the public interest.

### III.     Conclusion

For the forgoing reasons, this Court should enter a temporary restraining order.

                                  Respectfully submitted,

<u>/s/ Anthony E. Rothert</u>
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
AMERICAN CIVIL LIBERTIES UNION
    OF MISSOURI FOUNDATION
454 Whittier Street
St. Louis, Missouri 63108
Telephone: (314) 652-3114
Facsimile: (314) 652-3112

GILLIAN R. WILCOX, #61278MO
AMERICAN CIVIL LIBERTIES UNION
    OF MISSOURI FOUNDATION
3601 Main Street
Kansas City, Missouri 64111
Telephone: (816) 470-9938
Facsimile: (314) 652-3112

**ATTORNEYS FOR PLAINTIFF**

Certificate of Service

I certify that a copy of the foregoing was served upon defendant by placing the same in the First Class mail addressed as set forth below and by facsimile or emails as set forth below on August 18, 2014:

    RONALD REPLOGLE
    c/o James Layton
    Solicitor General
    PO Box 899
    Jefferson City, Missouri 65102
    Fax: 573-751-0774

    County of Saint Louis, Missouri
    c/o Patricia Redington
    County Counselor
    41 South Central Avenue
    St. Louis, MO 63105
    Fax: 314-615-3732

    /s/ Anthony E. Rothert