IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MUSTAFA ABDULLAH, NATASHA GRAY, ROBERT HUDGINS, and DERAY MCKESSON, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAINT LOUIS, MISSOURI, RONALD K. REPLOGLE, in his official capacity as Superintendent of the Missouri State Highway Patrol, and CITY OF FERGUSON, MISSOURI, <br><br> Defendants. | NO. 4:14-cv-1436 CDP |

**<u>FIRST AMENDED COMPLAINT</u>**

*INTRODUCTION*

1. This is a civil rights action filed by Mustafa Abdullah, Natasha Gray, Robert Hudgins, and DeRay Mckesson (collectively, the "Plaintiffs"), each of whom, like many others, have been ordered by agents of the County of Saint Louis, Missouri (the "County"); Ronald K. Replogle, in his official capacity as Superintendent of the Missouri State Highway Patrol (the "Highway Patrol"); or the City of Ferguson, Missouri (the "City") (collectively, the "Defendants"), to refrain from standing still on public sidewalks in Ferguson, Missouri, either at all or for longer than five seconds. They were threatened with arrest for failing to comply with those orders, even though they were violating no law. Plaintiffs challenge the practice of ordering individuals who are not violating any law, not engaging in violent or disruptive conduct, and not obstructing or encumbering

1

the passage of persons or vehicles to refrain from standing still on public sidewalks and threatening arrest for failure to comply with such orders.

2. There are a large number of demonstrators who have taken to the public streets and sidewalks of Ferguson, Missouri, to express their opinions about how local law enforcement officials conduct themselves.

3. As of the morning of August 18, 2014, Defendants the County and the Highway Patrol began enforcing a policy of ordering individuals who were violating no law to refrain from standing still on public sidewalks either at all or for longer than five seconds and of threatening arrest for non-compliance. Plaintiffs Abdullah, Mckesson, and Gray were threatened with arrest if they did not comply with orders to refrain from standing still, even though they were not violating any law or engaging in violent or disruptive conduct.

4. Beginning in late September 2014, the City began prohibiting protests in which participants are not constantly in motion on all sidewalks near the Ferguson Police Department Headquarters, located at 222 S. Florissant Road, Ferguson, Missouri 63135 (the "City PD Headquarters"). Police officers employed by the City claimed that they were enforcing Section 29-89 of City of Ferguson Code of Ordinances and that, once protestors were warned that constant movement was required, any protestor who ceased moving was subject to immediate arrest without further warning.

5. Section 29-89 provides that "[a] person commits the offense of loitering if he obstructs or encumbers the passage of persons or vehicles upon, through or into any street, street corner, depot, building entrance or other public place and then refuses to move on when requested to do so by any police officer of the city."

6. Plaintiffs Mckesson, Gray, and Hudgins were threatened with arrest if they did not comply with orders to refrain from standing still on public sidewalks around the City PD Headquarters, even though they were not obstructing or encumbering the passage of persons or vehicles (and thus were not violating Section 29-89), were violating no other law, and were not engaged in violent or disruptive conduct.

7. Plaintiffs ask this Court to enjoin Defendants' practice of requiring individuals who are violating no law to refrain from standing still on public sidewalks either at all or for longer than five seconds and threatening arrest for non-compliance. Plaintiffs also ask this Court to enjoin the City's practice of purporting to enforce Ferguson's anti-loitering ordinance against individuals who are not obstructing or encumbering the passage of persons or vehicles upon, through or into any street, street corner, depot, building entrance or other public place.  Further, Plaintiffs request this Court to declare the practices described and Section 29-89 of the City of Ferguson Code of Ordinances unconstitutional on their face and as-applied, and to award nominal damages.

## *JURISDICTION AND VENUE*

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' civil action arising under the Constitution of the United States.

9. In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution of the United States.

10. Venue lies in the United States District Court for the Eastern District of Missouri because a substantial part of the events giving rise to Plaintiffs' claims occurred in the County of Saint Louis, Missouri.  28 U.S.C. § 1391(b)(2).

11. Divisional venue is in the Eastern Division because the events leading to the claims for relief arose in the County of Saint Louis, Missouri.  E.D. MO. L.R. 2.07(A)(3), (B)(1).

*PARTIES*

12. Plaintiff Mustafa Abdullah is a resident of St. Louis, Missouri.

13. Plaintiff Natasha Gray is a resident of Florissant, Missouri.

14. Plaintiff Robert Hudgins is a resident of Ferguson, Missouri.

15. Plaintiff DeRay Mckesson is a resident of Minneapolis, Minnesota.

16. Defendant the County of St. Louis, Missouri, is a political subdivision of the State of Missouri.  The County is participating in and directing law enforcement officers' practice of ordering individuals who are violating no law to refrain from standing still on public sidewalks and threatening arrest for non-compliance.

17. Defendant Ronald K. Replogle is sued in his official capacity as Superintendent of the Missouri State Highway Patrol.  The Highway Patrol is an agency of the State of Missouri and is participating in and directing law enforcement officers' practice of ordering individuals who are violating no law to refrain from standing still on public sidewalks and threatening arrest for non-compliance.

18. Defendant the City of Ferguson, Missouri, is a political subdivision of the State of Missouri.  The City is participating in and directing law enforcement officers' practice of ordering individuals who are violating no law to refrain from standing still on public sidewalks and threatening arrest for non-compliance.

19. Defendants and their officers, employees, or agents acted under color of state law at all times relevant to this Complaint.

## *F*ACTS

**A.    Background**

20.    On August 9, 2014, a police officer of the City's police department shot and killed Michael Brown, who was unarmed.

21.    Many members of the community have responded with anger at law enforcement officers.

22.    As a result, there have been frequent demonstrations on the public streets and sidewalks of Ferguson, Missouri.

23.    At these demonstrations, protestors are voicing their opinions about such issues of public concern as the relationship between police and the community, the frequency with which police officers shoot unarmed black men, and the militarization of local police forces.

24.    Defendants' response to the demonstrations, including the use of force, ordering peaceful protestors to disband and evacuate the streets and sidewalks, placing restrictions on the ability of the media to witness and report on unfolding events, and ordering protestors and observers to stop documenting and videotaping the demonstrations, has been controversial.

25.    There is widespread public interest in Defendants' tactics, which raise questions about whether a military response to protests is consistent with the values of the United States, as well as the lack of transparency in the investigation of the shooting of Michael Brown and Defendants' response to the wave of protests that followed.

B.    **Enforcement of Unconstitutional Policy Against Plaintiff Mustafa Abdullah**

26.    Plaintiff Mustafa Abdullah is a Program Associate for the American Civil Liberties Union of Missouri ("ACLU-MO"). His responsibilities include community organizing and legislative advocacy in support of ACLU-MO's mission.

27.    Abdullah has been attending the protests and demonstrations in Ferguson, Missouri, since August 14, 2014. His purpose in attending the protests is to promote and protect the rights of peaceful protesters, including by being a legal observer, organizing other legal observers, distributing information to protesters about their legal rights, and communicating with protesters, members of the media, and law enforcement officers in Ferguson.

28.    Beginning around 11:00 a.m. on August 18, 2014, ACLU-MO received reports that law enforcement officers were ordering individuals who were violating no law to refrain from standing still on public sidewalks in Ferguson, Missouri, either at all or for longer than five seconds, and threatening arrest for failure to comply with these orders. The reports indicated that the policy was being enforced along West Florissant Avenue between the McDonald's located at 9131 West Florissant Avenue and the QuikTrip gas station located at 9420 West Florissant (the "original protest area").

29.    Abdullah went to the original protest area in Ferguson to investigate the reports.

30.    On five separate occasions within a period of approximately one hour at different locations in the original protest area, Abdullah was ordered by law enforcement officers to refrain from standing still either at all or for longer than five seconds on public sidewalks and threatened with arrest for non-compliance.

6

31. Abdullah was at no time violating any law or engaging in any violent or disruptive conduct.

32. Abdullah did not observe any other individuals in his vicinity who were violating any law or engaging in violent or disruptive conduct during any of the times he was ordered to refrain from standing still.

33. Numerous other individuals in the area, including protesters and members of the media, were similarly ordered by law enforcement officials to refrain from standing still on public sidewalks and threatened with arrest for non-compliance. They, too, were not violating any law and were not engaging in violent or disruptive conduct.

34. When inquiries were made to law enforcement officers regarding which law prohibits standing still on public sidewalks, the officers indicated that they did not know and that it did not matter. The officers further indicated that they were following the orders of their supervisors, whom they refused to name.

**C. Enforcement of Unconstitutional Policy Against Plaintiff DeRay Mckesson**

35. Plaintiff DeRay Mckesson first came to the original protest area on August 16, 2014, to witness the events reported in the media about the Ferguson protests. After arriving, Mckesson decided to take part in the protests. Mckesson protested in the original protest area between August 16 and August 25, 2014, and between August 30 and September 1, 2014.

36. While Mckesson was protesting in the original protest area between August 18 and 20, law enforcement officers ordered him and other individuals to refrain from standing still on public sidewalks on multiple occasions. Law enforcement officers

threatened to arrest Mckesson, other protesters, and members of the media if they failed to comply with orders to refrain from standing still.

37.     Mckesson returned to Ferguson from September 26 to September 29, 2014.  He attended protests and demonstrations on September 26 and 27 that took place around the City PD Headquarters.  On the morning of September 27, a law enforcement officer ordered Mckesson to refrain from standing still on the public sidewalks around the City PD Headquarters.

38.     Mckesson was not obstructing or encumbering the passage of any person or vehicle when he was ordered to refrain from standing still while protesting on a public sidewalk.

39.     Mckesson was at no time violating any law or engaging in any violent or disruptive conduct.

40.     Mckesson did not observe any other individuals in his vicinity who were violating any law or engaging in violent or disruptive conduct during any of the times he was ordered to refrain from standing still.

**D.     Enforcement of Unconstitutional Policy Against Plaintiff Natasha Gray**

41.     Natasha Gray has been attending protests in Ferguson almost every day since August 13, 2014, to express her disagreement with the shooting of Michael Brown and the subsequent response by law enforcement officials.  She has attended protests both in the original protest area and around the City PD Headquarters.

42.     Sometime in August 2014, Gray was sitting on the curb of a public sidewalk in the original protest area.  Two police officers employed by the County approached her and ordered her to keep walking.  Gray refused to comply with the

officers' orders. She explained to the officers that she suffered from epilepsy, had suffered two epileptic seizures earlier that morning, and was afraid of having another seizure. The officers told Gray that she did not have a right to remain sitting down on the sidewalk and threatened to arrest her if she refused to keep moving. Gray continued to refuse and the officers eventually walked away without arresting her.

43. In late September 2014, Gray was standing still to protest with a group of two or three other people in front of the City PD Headquarters. Three or four police officers employed by the City told Gray and the other protesters that they could not stand still on the sidewalk.

44. Neither Gray nor the other protesters had obstructed or encumbered the passage of any person or vehicle when they were ordered to refrain from standing still while protesting on a public sidewalk.

45. Gray was at no time violating any law or engaging in any violent or disruptive conduct.

46. Gray did not observe any other individuals in her vicinity who were violating any law or engaging in violent or disruptive conduct when she was ordered to keep walking.

**E.   Enforcement of Unconstitutional Policy Against Plaintiff Robert Hudgins**

47. Robert Hudgins has been protesting outside of the City PD Headquarters since August 14, 2014. The purpose of his protest is to express dissatisfaction with police actions and race relations in Ferguson.

48. On September 27, 2014, Hudgins was standing with two or three other individuals on a public sidewalk across the street from the City PD Headquarters. While

9

standing there, Hudgins was approach by a City police officer who told Hudgins and others nearby that they were not allowed to stand still and that they had to keep moving. Hudgins asked for the basis of this new rule and was told by the officer that it related to an ordinance but that the officer could not remember the name of the ordinance.

49. Hudgins was not obstructing or encumbering the passage of any person or vehicle when he was ordered to refrain from standing still while protesting on a public sidewalk.

50. Hudgins was at no time violating any law or engaging in any violent or disruptive conduct.

51. Hudgins did not observe any other individuals in his vicinity who were violating any law or engaging in violent or disruptive conduct when he was ordered to refrain from standing still.

## COUNT I
### Violation of First and Fourteenth Amendments to the United States Constitution

52. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this First Amended Complaint as if set forth here verbatim.

53. Defendants' policies and actions directly infringe upon and chill reasonable persons from engaging in activity that is protected by the First Amendment, including peaceful assembly on a public sidewalk and standing still on a public sidewalk to protest and to engage in other constitutionally protected speech.

54. Defendants have deprived, and continue to deprive, Plaintiffs of their rights under the First Amendment to the United States Constitution, which are incorporated through the Fourteenth Amendment. Defendants' orders to individuals who

10

are violating no law to refrain from standing still on public sidewalks either at all or for longer than five seconds and threatening arrest for non-compliance is the cause-in-fact of these constitutional violations.

55. Upon information and belief, unless restrained by this Court, Defendants will continue their practice of ordering individuals who are violating no law to refrain from standing still on public sidewalks either at all or for longer than five seconds and threatening arrest for non-compliance.

## COUNT II

### *Violation of Due Process Clause of the Fourteenth Amendment to the United States Constitution*

56. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this First Amended Complaint as if set forth here verbatim.

57. Plaintiffs are aware of no law that permits Defendants to order Plaintiffs or any other individuals to refrain from standing still on public sidewalks when they are not violating any law, not engaging in any violent or disruptive conduct, and not obstructing or encumbering the passage of persons or vehicles upon, through or into any street, street corner, depot, building entrance or other public place.

58. The practice described herein fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited, and authorizes and encourages arbitrary and discriminatory enforcement.

WHEREFORE, Plaintiffs respectfully request the following relief:

A. Upon proper motion, issue a temporary restraining order and preliminary injunction (1) prohibiting Defendants, their officers, employees, or agents, and those acting on their behalf or in concert with them from ordering individuals who are violating no law to refrain from standing still on public sidewalks, threatening them with arrest for non-compliance, or arresting them; and (2) prohibiting Defendant the City, its officers, employees, or agents, and those acting on its behalf or in concert with it from purporting to enforce Ferguson's anti-loitering ordinance against individuals who are not obstructing or encumbering the passage of persons or vehicles upon, through or into any street, street corner, depot, building entrance or other public place;

B. Enter declaratory judgment, pursuant to 42 U.S.C. § 1983, that Defendants' practices and policies described in the First Amended Complaint violate the Constitution;

C. Enter declaratory judgment, pursuant to 42 U.S.C. § 1983, that Section 29-89 of the City of Ferguson Code of Ordinances violates the Constitution as applied and on its face;

D. Enter a permanent injunction (1) prohibiting Defendants, their officers, employees, or agents, and those acting on their behalf or in concert with them from ordering individuals who are violating no law to refrain from standing still on public sidewalks, threatening them with arrest for non-compliance, or arresting them; and (2) prohibiting Defendant the City, its

12

   officers, employees, or agents, and those acting on its behalf or in concert with it from purporting to enforce Ferguson's anti-loitering ordinance against individuals who are not obstructing or encumbering the passage of persons or vehicles upon, through or into any street, street corner, depot, building entrance or other public place;

E. Award Plaintiffs nominal damages against Defendants other than Defendant Ronald K. Replogle;

F. Award Plaintiffs costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 or any other applicable law; and

G. Allow to Plaintiffs such other and further relief as is just and proper under the circumstances.

       Respectfully submitted,

       <u>/s/ Anthony E. Rothert</u>
       Anthony E. Rothert, #44827MO
       Grant R. Doty, #60788MO
       Andrew J. McNulty, #67138MO
       AMERICAN CIVIL LIBERTIES UNION
        OF MISSOURI FOUNDATION
       454 Whittier Street
       St. Louis, Missouri 63108
       Telephone: (314) 652-3114
       Facsimile: (314) 652-3112
       trothert@aclu-mo.org
       gdoty@aclu-mo.org
       amcnulty@aclu-mo.org

       Gillian R. Wilcox, #61278MO
       AMERICAN CIVIL LIBERTIES UNION
        OF MISSOURI FOUNDATION
       3601 Main Street
       Kansas City, Missouri 64111
       Telephone: (816) 470-9938
       Facsimile: (314) 652-3112
       gwilcox@aclu-mo.org

> GRANT A. DAVIS-DENNY
> THOMAS P. CLANCY
> VICTORIA A. DEGTYAREVA
> THANE M. REHN
> KENNETH M. TRUJILLO-JAMISON
> MUNGER, TOLLES & OLSON  LLP
> 355 South Grand Avenue, Suite 3500
> Los Angeles, CA   90071
> Telephone:     (213) 683-9100
> Facsimile:     (213) 687-3702
> Grant.Davis-Denny@mto.com
> Thomas.Clancy@mto.com
> Victoria.Degtyareva@mto.com
> Thane.Rehn@mto.com
> Kenneth.Trujillo-Jamison@mto.com
>
> **ATTORNEYS FOR PLAINTIFFS**

## Certificate of Service

I hereby certify that on October 29, 2014, a copy of the foregoing was served on counsel of record by operation of the ECF/CM system.

/s/ Anthony E. Rothert