IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| HEIDI KENNARD, *individually and on behalf of those similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:14-CV-04017-BCW |
| CHRISTINE KLEINDIENST, *in her official capacity as Callaway County Recorder of Deeds and on behalf of all Missouri Recorders of Deeds*, | ) ) ) ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Expenses (Doc. #55). Plaintiff[1] seeks an order awarding $23,280.22, which includes $18,564.50 for attorney's fees and $4,715.72 in expenses. After reviewing the premises of the motion, the record, and the applicable law, the Court grants the motion and awards Plaintiff $23,280.22.

**I.   BACKGROUND**

Plaintiff filed this bilateral class action under 42 U.S.C. § 1983 challenging the in-presence requirement of Mo. Rev. Stat. § 451.040.2 as it applies to persons unable to appear in person at the office of a Missouri Recorder of Deeds. On June 24, 2014, this Court entered a preliminary injunction (Doc. #32). The parties subsequently filed a joint motion for approval of settlement and entry of a proposed consent judgment (Doc. #44). The Court approved the class

---

[1] The Court recognizes that this case is a bilateral class action. The Plaintiff Class consists of "individuals who seek, or will in the future seek, to marry an individual 18 years of age or older who is unable to appear in person before a Recorder of Deeds because of incarceration, military service, or disability." Doc. #41. The Defendant Class consists of "all Missouri Recorders of Deeds." Doc. #32. For simplicity, the Court refers to the Plaintiff Class as "Plaintiff" and the Defendant Class as "Defendant."

1

action settlement on February 26, 2015 ("the February Order") (Doc. #50), and entered judgment on March 4, 2015 ("March Judgment") (Doc. #53).

Plaintiff filed the instant motion seeking $18,564.50 for attorney's fees and $4,715.72 for expenses pursuant to 42 U.S.C. § 1988(b). Defendant opposes the motion and argues that Plaintiff is not entitled to attorney's fees and that the requested fees are not reasonable in amount.

## II.    LEGAL STANDARD

Section 1983 of Title 42 of the United States Code protects citizens against "the deprivation of rights, privileges, or immunities secured by the Constitution." To encourage enforcement of these rights, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in an action to enforce § 1983. 42 U.S.C. § 1988(b).

## III.   ANAYLSIS

Because Plaintiff seeks attorney's fees pursuant to 42 U.S.C. § 1988(b), the Court must initially determine whether Plaintiff is a prevailing party. See Rogers Grp., Inc. v. City of Fayetteville, Ark., 683 F.3d 903, 909 (8th Cir. 2012). If so, the Court will ordinarily award reasonable attorney's fees unless the Court determines there are special circumstances that render an award of fees unjust. See Hatfield v. Hayes, 877 F.2d 717, 719 (8th Cir. 1989) (stating that a prevailing party should recover fees absent special circumstances). If there are no such circumstances, the Court must lastly determine whether Plaintiff's requested fees are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

### A. PLAINTIFF IS A PREVAILING PARTY ENTITLED TO RECOVER ATTORNEY'S FEES.

Plaintiff contends she is a prevailing party because the Court's preliminary injunction, February Order, and March Judgment sufficiently changed the legal relationship between the parties. Defendant disagrees and argues that Plaintiff is not a prevailing party because "this matter has been resolved by a settlement." Doc. #57 at 1.

In Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001), the Supreme Court discussed the type of judicial relief that a party must receive to satisfy the prevailing party standard. The Court rejected the "catalyst theory"[2] of prevailing party status because "[i]t allows an award where there is no judicially sanctioned change in the legal relationship of the parties." Id. at 605. The Court explained that prevailing party status requires a legal change, rather than a voluntary change, in the relationship of the parties. Id. The Supreme Court clarified that a judgment on the merits or a "settlement agreement[] enforced through a consent decree" sufficiently changes the relationship of the parties and satisfy the prevailing party standard. Id. at 604.

Here, Plaintiff is a prevailing party. The parties entered a class action settlement agreement that was presented to the Court for approval. After review, the Court approved the settlement agreement in the February Order. Although mere judicial approval of a class action settlement agreement does not automatically confer prevailing party status, the February Order went further. See, e.g., Christina A. ex rel. Jennifer A. v. Bloomberg, 315 F.3d 990, 993 (8th Cir. 2003) (noting that district court's approval of settlement agreement did not, by itself, render inmate class a prevailing party). The February Order incorporated specific terms from the settlement agreement and created binding obligations that can be enforced through the Court's

---

[2]   Under the catalyst theory, a party prevails if the lawsuit brought forth a voluntary change by the defendant. Id. at 601.

3

exercise of its contempt powers. See id. Likewise, the March Judgment includes mandatory language that can be judicially enforced. The Court therefore finds that the February Order and March Judgment materially change the legal relationship of the parties and satisfy the prevailing party standard.[3]

### B. THERE ARE NO SPECIAL CIRCUMSTANCES RENDERING AN AWARD OF FEES UNJUST.

Because Plaintiff is a prevailing party, the Court next considers whether it should exercise its discretion to deny attorney's fees because special circumstances render an award of fees unjust. Hatfield, 877 F.2d at 719. Defendant contends an award of fees is unjust because she was obligated to follow state law. But the Court finds that Defendant's belief that she was compelled by state law to enforce the statute is not a special circumstance that would render fees unjust. See e.g., Carhart v. Stenberg, 192 F.3d 1142, 1152 (8th Cir. 1999) ("The point of § 1988 is that [state] officials proceed at their peril. If in fact they are wrong, and the law they are enforcing turns out to be invalid, § 1988 puts the financial burden on the state officials.").

Defendant also contends the "totality of the circumstances" renders an award of fees unjust. Defendant explains that she fully cooperated with Plaintiff and essentially agreed with Plaintiff but was bound by Defendant's statutory duties to enforce the existing law. Defendant also details the Recorders Association of Missouri's efforts to pass a bill addressing Plaintiff's concerns. The Court recognizes these facts but finds that they do not constitute a special circumstance rendering fees unjust. Defendant's prompt cooperation and assistance reduced the amount of time and money the parties spent litigating this lawsuit, and the statutory amendment ostensibly facilitated resolution. But the Court's February Order and March Judgment went

---

[3] Defendant's express concession in the joint proposed consent judgment that "Plaintiff is the prevailing party for purpose of 42 U.S.C. § 1988" also supports the Court's conclusion. Doc. #44-2 at 7.

4

further than the amendment and created mandatory obligations. On these facts, the Court finds a reasonable award of attorney's fee is just.

### C. PLAINTIFF'S REQUESTED FEES ARE REASONABLE.

Lastly, the Court must determine whether Plaintiff's requested fees are reasonable. The most useful starting point is calculating the lodestar, which is the reasonable hourly rate multiplied by the number of hours reasonably expended on the litigation. Hensley, 461 U.S. at 433. The Court may, in its discretion, adjust the lodestar "to account for other considerations, such as the nature of the results obtained." Miller v. Dugan, 764 F.3d 826, 830-31 (citing Hensley, 461 U.S. at 434).

Plaintiff seeks hourly rates for three attorneys: (1) Anthony Rothert at $365.00/hour, (2) Grant Doty at $275.00/hour, and (3) Andy McNulty at $180.00/hour. Plaintiff attaches affidavits setting forth each attorney's background and experience. Defendant does not object to the hourly rates, and the Court finds that the requested rates are reasonable. See Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (authorizing district courts to rely on their own experience and knowledge of market rates when determining reasonable hourly rates).

Plaintiff requests compensation for the following hours: (1) 19.7 hours by Anthony Rothert, (2) 35.6 hours by Grant Doty, and (3) 8.8 hours by Andy McNulty. Plaintiff attaches the itemized billing record for each attorney. Defendant only directly challenges one entry – namely, she notes that Plaintiff sent two attorneys to the January 26, 2015 fairness hearing and suggests that only one attorney is reasonable. The Court disagrees because, based on a close review, Plaintiff only seeks an award of fees for the junior attorney that attended the hearing. The Court conducted a line-by-line review of the remaining entries and finds them reasonable particularly given Plaintiff's voluntary 15% reduction of her total fees.

Thus, the Court concludes that the rates are reasonable at $365.00, $275.00, and $180.00 per hour, and that the hours expended are reasonable at 19.7, 35.6, and 8.8, respectively. The lodestar amount is $18.564.50. Additionally, Defendant does not object to the proposed expenses, and the Court finds $4,715.72 to be reasonable based on Plaintiff's itemized expenses. See Doc. #56-1.

Still, the Court has discretion to reduce the lodestar. Defendant primarily argues that the Court should reduce the amount because Plaintiff received only limited relief, Defendant cooperated with Plaintiff, and a portion of the hours expended accrued after the statutory amendment. The Court disagrees. Defendant's cooperation reduced the potential fee award by avoiding protracted litigation. But her cooperation does not warrant a reduction to the lodestar for the work performed. Likewise, Plaintiff received relief that went beyond the statutory amendment, so the lodestar is not excessive in relation to the results obtained or the work performed after the amendment. For all of these reasons, the Court declines to reduce the lodestar. Accordingly, it is hereby

ORDERED Plaintiff's Motion for Attorney's Fees and Expenses (Doc. #55) is GRANTED. The Court awards Plaintiff $23,280.22, which includes $18,564.50 for attorney's fees and $4,715.72 in expenses.

IT IS SO ORDERED.

DATED: June 5, 2015

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

6